**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| D.P., LEGAL GUARDIAN FOR JANE DOE | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| vs. | ) | JURY TRIAL DEMANDED |
| | ) | |
| MONTGOMERY COUNTY MISSOURI | ) | |
| | ) | |
| **SERVE:  HOLD SERVICE** | ) | |
| | ) | |
| and | ) | |
| | ) | |
| BRIAN MCGOWAN, | ) | |
| | ) | |
| **SERVE:  3 Columbine Drive** | ) | |
| **Montgomery City, MO  63361** | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

COMES NOW, Jane Doe, by and through her legal guardian, Plaintiff D.P., bringing suit under a fictitious name, by and through her attorneys of record, and states as follows:

**INTRODUCTION**

1.      Defendants violated (a) the Americans with Disabilities Act, 42 U.S.C. § 12132; (b) the Rehabilitation Act, 42 U.S.C. §794a; (c) the Civil Rights Act of 1871, 42 U.S.C. §1983.

2.      Montgomery County Deputy Sheriff Brian J. McGowan failed to adequately accommodate Jane Doe and used the apparent and inherent authority of a police officer to discriminate against Jane Doe.

3.      Montgomery County Deputy Sheriff Brian J. McGowan coerced Jane Doe into having nonconsensual sexual intercourse with him and molested her on multiple occasions, thereby

directly discriminating against her, infringing upon her bodily integrity and freedom from wrongful seizure, invading her privacy, and causing severe emotional and mental anguish to Jane Doe.

## PARTIES

4.    Jane Doe is a 27-year-old mentally incapacitated woman who is bringing this action by and through her legal guardian, D.P.

5.    Jane Doe is now and was at all times herein mentioned totally incapacitated and totally disabled by reason of her mental condition.

6.    Jane Doe is a citizen of the United States of America and of the State of Missouri, who was at all times herein mentioned a resident of Montgomery County, State of Missouri in the Eastern District of Missouri.

7.    Defendant Montgomery County is a political subdivision in the State of Missouri located in east-central Missouri.

8.    Defendant, Former Montgomery County Deputy Sheriff Brian J. McGowan in his individual capacity, was at all times relevant to the counts in this Complaint a citizen of the United States of America and a resident of the State of Missouri.

## JURISDICATION AND VENUE

9.    This action is brought under 42 U.S.C. §§§ 12132, 794a, 1983.

10.    This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

11.    Additionally, this Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

12.    That all Defendants are residents of the State of Missouri and reside within the Eastern District of Missouri.  Therefore, venue is proper in the Eastern District of Missouri under 28 U.S.C. § 1391(b)(1) and E.D. Mo. L.R. 3-2.07(B)(2).

## COLOR OF STATE LAW

13.     At all relevant times Brian J. McGowan was in uniform and acting within the scope

of his employment and under color of state law.  Particularly, at all relevant times the Defendant

Montgomery County Deputy Sheriff McGowan acted under color of the laws, statutes, ordinances,

regulations, policies, customs and usages of the State of Missouri, and its political subdivisions.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

15.     That in early 2015 Defendant McGowan became a Deputy Sheriff with Defendant

Montgomery County's Sheriff's Department.

16.     That Jane Doe and her family moved to Montgomery County on February 28, 2015.

17.     That in approximately February of 2015, Defendant McGowan, while performing

his duties as a Montgomery County Deputy Sheriff, came into contact with Jane Doe and obtained

her address and Facebook Messenger contact information.

18.     That in approximately February of 2015, Defendant McGowan was aware that Jane

Doe was mentally disabled.

19.     That after that contact with Jane Doe, Defendant McGowan began to repeatedly

send messages to Jane Doe on Facebook Messenger.

20.     That between February of 2015 and March of 2018, Defendant McGowan sent

hundreds of communications to Jane Doe on Facebook Messenger and via text messages, many of

which were sexually explicit in nature.  Defendant McGowan often directed Jane Doe to send him

pictures of her naked breasts.

21.     Defendant McGowan wanted these sexual communications with Jane Doe hidden

from Plaintiff and Jane Doe's family.  At Defendant McGowan's direction, Jane Doe was directed

to hide, delete, and lie to Plaintiff about all of their communications. He repeatedly reminded her that he was in law enforcement and she should comply.

22.     Defendant McGowan would comment to Jane Doe about how he kept the naked pictures of Jane Doe on his laptop computer and would often look at them.

23.     That often Jane Doe did not want to have contact with Defendant McGowan, but she was scared because of what happened to her with Deputy Sheriff/Police Officer Marty Rainey, and Defendant McGowan was a law enforcement officer as well.

24.     Defendant McGowan, while on duty as a Montgomery County Deputy Sheriff, repeatedly asked Jane Doe's sister to send him naked photographs of herself and directed Jane Doe's sister to give him oral sex.

25.     That after February 28, 2015, Defendant McGowan approached Jane Doe numerous times in while on duty and wearing his Montgomery County Sheriff's uniform, carrying a service issued police firearm, and made sexual advances towards her, including trying to kiss her and touch her breasts. Defendant McGowan told Jane Doe to have sex with him on multiple occasions.

26.     That Defendant McGowan came to Jane Doe's house while on duty for the Montgomery County Sheriff's Department on numerous occasions in 2015, 2016, and 2017, after Plaintiff would call the Montgomery County Sheriff's Office for help with Jane Doe.

27.     That after February 28, 2015, during the investigation into Marty Rainey's actions, Plaintiff called the Montgomery County Sheriff's Office because Jane Doe was threatening to kill herself. Defendant McGowan was one of the Montgomery County Deputies that came to Jane Doe's house that night. When Defendant McGowan arrived at Jane Doe's house to respond, he advised her family that he was aware of her disability and informed Plaintiff that he was "aware of

the Marty Rainey situation" in which Jane Doe was sexually assaulted by Defendant McGowan's one-time co-worker.

28.     Defendant McGowan was aware that Jane Doe was a mentally disabled girl under guardianship who had been repeatedly manipulated, discriminated against, sexually assaulted, drugged, photographed and filmed naked, and directed to have sex with other individuals by Defendant McGowan's former law enforcement co-worker, Mary Rainey.

29.     Defendant McGowan pressured Jane Doe to conduct a "threesome" with him and another girl identified as "JP."  Defendant put pressure on Jane Doe to communicate with "JP" in order to make the "threesome" happen.   "JP" was not willing to participate.

30.     In 2017 and 2018, Defendant McGowan directed Jane Doe to meet up with him where he could sexually molest her in the town of McKittrick, MO in Montgomery County.  He would make it clear that she was never to tell anyone about it.  She was to delete all communications.

31.     That on or about March 12, 2018 Defendant McGowan told Jane Doe that he wanted to have sex with her.

32.     That sometime between March 13, 2018 and March 19, 2018, Defendant McGowan offered to pay Jane Doe one-hundred dollars ($100.00) to have sex with him.

33.     That approximately one week later, Defendant McGowan told Jane Doe to sneak out of her home and meet him at the Katy Trial at 2:30 a.m. to have sex with him.  Defendant McGowan sexually assaulted her.

34.     That at all times material hereto, Defendant McGowan was acting in the course and scope of his employment with Defendant Montgomery County and acting under color of state law.

35.     That between February 28, 2015 and March of 2018, Defendant McGowan failed to adequately accommodate Jane Doe and used the apparent and inherent authority of a law enforcement officer to discriminate against Jane Doe.  Defendant McGowan coerced Jane Doe into having nonconsensual sexual intercourse and molested her on multiple occasions, thereby directly discriminating against her, infringing upon her bodily integrity and freedom from wrongful seizure, invading her privacy, and causing severe emotional and mental anguish to Jane Doe, as more fully set forth in the following Counts.

36.     That as a direct and proximate result of Defendant Montgomery County's discrimination, Jane Doe suffered physical and emotional damages, said injuries consisted of, but not limited to:   She was suicidal and suffered mental and emotional damages after her interactions with Defendant McGowan; she suffered and continues to suffer from severe and prolonged mental anguish; she suffered and will continue to suffer from intense anxiety; she endured a loss of personal freedom; and she suffered and continues to suffer humiliation, indignity, disgrace, stress, fear, anxiety, and was forced to require hospitalization for physical and mental injuries due to Montgomery County's actions.

37.     That as a direct and proximate result of Defendant McGowan's forceful, nonconsensual and unconstitutional actions, Jane Doe suffered physical and emotional damages, said injuries consisted of, but not limited to:   She was suicidal and suffered mental and emotional damages after her interactions with Defendant McGowan; she suffered and continues to suffer from severe and prolonged mental anguish; she suffered and will continue to suffer from intense anxiety; she endured a loss of personal freedom; and she suffered and continues to suffer humiliation, indignity, disgrace, stress, fear, and anxiety.

38.     That as a direct and proximate result of Defendant McGowan's intentional and outrageous acts, Jane Doe suffered emotional damages, said injuries consisted of, but not limited to:   She was suicidal and suffered mental and emotional damages after her interactions with Defendant McGowan; she suffered and continues to suffer from severe and prolonged mental anguish; she suffered and will continue to suffer from intense anxiety; ; and she suffered and continues to suffer humiliation, indignity, disgrace, stress, fear, and anxiety.

## COUNT I – DEFENDANT MONTGOMERY COUNTY – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

39.     Plaintiff fully and completely incorporates paragraphs 1-38 in Count I of this Petition.

40.     Title II of the Americans with Disabilities Act (ADA) applies to Defendant Montgomery County as a public entity.  Title II of the ADA protects qualified individuals with a disability from being "subjected to discrimination by any [public] entity," by reason of his or her disability.  42 U.S.C. §12132.

41.     A public entity is liable for the vicarious acts of any of its employees that violate the ADA.

42.     That at all times relevant to the counts herein, Defendant McGowan was acting in his capacity as a Montgomery County Deputy Sheriff and using his employment as a law enforcement officer to discriminate against Jane Doe; Defendant McGowan was therefore acting in the scope and course of his employment with Montgomery County.

43.     Jane Doe was known to Defendant McGowan to have a mental disability.  She was incapacitated and disabled by reason of her mental condition during the time relevant to the incident and is thus a qualified person with a disability protected by the ADA.

7

44.     That from the time of first contact with Jane Doe as a Montgomery County Deputy Sheriff on February 28, 2015 to March of 2018, Defendant McGowan failed to adequately accommodate Jane Doe and used the apparent and inherent authority as a deputy in a sheriff's office to discriminate against Jane Doe.  Defendant McGowan coerced Jane Doe into having nonconsensual sexual intercourse and molested her on multiple occasions, thereby directly discriminating against her.

45.     That after February 28, 2015, Defendant McGowan approached Jane Doe numerous times in while on duty and wearing his Montgomery County Sheriff's uniform, carrying a service issued police firearm, and made sexual advances towards her, including trying to kiss her and touch her breasts.  Defendant McGowan told Jane Doe to have sex with him on multiple occasions.

46.     That Defendant McGowan came to Jane Doe's house while on duty for the Montgomery County Sheriff's Department on numerous occasions in 2015, 2016, and 2017 after Plaintiff would call the Montgomery County Sheriff's Office for help with Jane Doe.

47.     That after February 28, 2015, during the investigation into Marty Rainey's actions, Plaintiff called the Montgomery County Sheriff's Office because Jane Doe was threatening to kill herself.  Defendant McGowan was one of the Montgomery County Deputies that came to Jane Doe's house that night.  When Defendant McGowan arrived at Jane Doe's house to respond, he advised her family that he was aware of her disability and informed Plaintiff that he was "aware of the Marty Rainey situation." in which Jane Doe was sexually assaulted by Defendant McGowan's one-time co-worker.

48.     Defendant McGowan was aware that Jane Doe was a mentally disabled girl under guardianship who had been repeatedly manipulated, discriminated against, sexually assaulted,

drugged, photographed and filmed naked, and directed to have sex with other individuals by Defendant McGowan's former law enforcement co-worker, Mary Rainey.

49.     Defendant McGowan pressured Jane Doe to conduct a "threesome" with him and another girl identified as "JP."  Defendant put pressure on Jane Doe to communicate with "JP" in order to make the "threesome" happen.   "JP" was not willing to participate.

50.     In 2017 and 2018, Defendant McGowan directed Jane Doe to meet up with him where he could sexually molest her in the town of McKittrick, MO in Montgomery County.  He would make it clear that she was never to tell anyone about it.  She was to delete all communications.

51.     That on or about March 12, 2018 Defendant McGowan told Jane Doe that he wanted to have sex with her.

52.     That sometime between March 13, 2018 and March 19, 2018, Defendant McGowan offered to pay Jane Doe one-hundred dollars ($100.00) to have sex with him.

53.     That approximately one week later, Defendant McGowan told Jane Doe to sneak out of her home and meet him at the Katy Trial at 2:30 a.m. to have sex with him.  Defendant McGowan sexually assaulted her.

54.     Defendant McGowan discriminated against Jane Doe due to her disability under Title II of the ADA.

55.     That at all times material hereto, Defendant McGowan was acting in the course and scope of his employment with Defendant Montgomery County, and acting under color of state law.

56.     Defendant Montgomery County is liable for the acts of its employee, Defendant McGowan, under Title II of the ADA.

57.     That as a direct and proximate result of Defendant McGowan's discrimination against Jane Doe due to her disability, Defendant Montgomery County violated Title II of the ADA.

58.     That as a direct and proximate result of Defendant Montgomery County's discrimination, Jane Doe suffered physical and emotional damages.  Said injuries consisted of, but not limited to:  she was suicidal and suffered mental and emotional damages after her interactions with Defendant McGowan; she suffered and continues to suffer from severe and prolonged mental anguish; she suffered and will continue to suffer from intense anxiety; she endured a loss of personal freedom; and she suffered and continues to suffer humiliation, indignity, disgrace, stress, fear, anxiety, and was forced to require hospitalization for physical and mental injuries due to Defendant's actions.

WHEREFORE, pursuant to Title II of the ADA, Jane Doe, by and through her legal guardian, Plaintiff D.P., prays for Judgment against Defendant Montgomery County in an amount determined by this Court; for attorney's fees and costs; and, together with special damages for mental and physical injuries, and costs herein expended; and for such other and further relief as this Court may deem just and proper.

## COUNT II – DEFENDANT MONTGOMERY COUNTY – VIOLATIONS OF SECTION 504 OF THE REHABILITATION ACT

59.     Plaintiff fully and completely incorporates paragraphs 1-58 in Count II of this Petition.

60.     Defendant Montgomery County has been, and is, a recipient of federal funds, and thus is covered by the mandate of Section 504 of the Rehabilitation Act.  Section 504 requires that no otherwise qualified individual with a disability in the United States shall, by reason of his or her

disability, be subjected to discrimination under any program or activity receiving Federal financial assistance.

61.     A public entity is liable for the vicarious acts of any of its employees that violate the Rehabilitation Act.

62.     That at times relevant to the counts herein, Defendant McGowan was acting in his capacity as a Montgomery County Sheriff and using his employment as a deputy sheriff in the sheriff's office to discriminate against Jane Doe; Defendant McGowan was therefore acting in the scope and course of his employment with Montgomery County.

63.     Jane Doe was known to Defendant McGowan to have a mental disability.  She was incapacitated and disabled by reason of her mental condition during the time relevant to the incident and is thus a qualified person with a disability protected by Section 504.

64.     That from the time of first contact with Jane Doe as a Montgomery County Deputy Sheriff on February 28, 2015 to March of 2018, Defendant McGowan failed to adequately accommodate Jane Doe and used the apparent and inherent authority as a deputy in a sheriff's office to discriminate against Jane Doe.  Defendant McGowan coerced Jane Doe into having nonconsensual sexual intercourse and molested her on multiple occasions, thereby directly discriminating against her.

65.     That after February 28, 2015, Defendant McGowan approached Jane Doe numerous times in while on duty and wearing his Montgomery County Sheriff's uniform, carrying a service issued police firearm, and made sexual advances towards her, including trying to kiss her and touch her breasts.  Defendant McGowan told Jane Doe to have sex with him on multiple occasions.

66.     That Defendant McGowan came to Jane Doe's house while on duty for the Montgomery County Sheriff's Department on numerous occasions in 2015, 2016, and 2017 after Plaintiff would call the Montgomery County Sheriff's Office for help with Jane Doe.

67.     That after February 28, 2015, during the investigation into Marty Rainey's actions, Plaintiff called the Montgomery County Sheriff's Office because Jane Doe was threatening to kill herself.  Defendant McGowan was one of the Montgomery County Deputies that came to Jane Doe's house that night.  When Defendant McGowan arrived at Jane Doe's house to respond, he advised her family that he was aware of her disability and informed Plaintiff that he was "aware of the Marty Rainey situation." in which Jane Doe was sexually assaulted by Defendant McGowan's one-time co-worker.

68.     Defendant McGowan was aware that Jane Doe was a mentally disabled girl under guardianship who had been repeatedly manipulated, discriminated against, sexually assaulted, drugged, photographed and filmed naked, and directed to have sex with other individuals by Defendant McGowan's former law enforcement co-worker, Mary Rainey.

69.     Defendant McGowan pressured Jane Doe to conduct a "threesome" with him and another girl identified as "JP."  Defendant put pressure on Jane Doe to communicate with "JP" in order to make the "threesome" happen.  "JP" was not willing to participate.

70.     In 2017 and 2018, Defendant McGowan directed Jane Doe to meet up with him where he could sexually molest her in the town of McKittrick, MO in Montgomery County.  He would make it clear that she was never to tell anyone about it.  She was to delete all communications.

71.     That on or about March 12, 2018 Defendant McGowan told Jane Doe that he wanted to have sex with her.

72.     That sometime between March 13, 2018 and March 19, 2018, Defendant McGowan offered to pay Jane Doe one-hundred dollars ($100.00) to have sex with him.

73.     That approximately one week later, Defendant McGowan told Jane Doe to sneak out of her home and meet him at the Katy Trial at 2:30 a.m. to have sex with him.  Defendant McGowan sexually assaulted her.

74.     Defendant McGowan discriminated against Jane Doe due to her disability under Section 504 of the Rehabilitation Act.

75.     Defendant Montgomery County is liable for the acts of its employee, Defendant McGowan, under Section 504 of the Rehabilitation Act.

76.     That as a direct and proximate result of Defendant McGowan's discrimination against Jane Doe due to her disability, Defendant Montgomery County violated Section 504 of the Rehabilitation Act.

77.     That as a direct and proximate result of Defendant Montgomery County's discrimination, Jane Doe suffered physical and emotional damages, said injuries consisted of, but not limited to:  she was suicidal and suffered mental and emotional damages after her interactions with Defendant McGowan; she suffered and continues to suffer from severe and prolonged mental anguish; she suffered and will continue to suffer from intense anxiety; she endured a loss of personal freedom; and she suffered and continues to suffer humiliation, indignity, disgrace, stress, fear, anxiety, and was forced to require hospitalization for physical and mental injuries due to Defendant Montgomery County's actions.

WHEREFORE, pursuant to Section 504 of the Rehabilitation Act, Jane Doe, by and through her legal guardian, Plaintiff D.P., prays for Judgment against Defendant Montgomery County in an amount determined by this Court; for attorney's fees and costs; and, together with special damages

13

for mental and physical injuries, and costs herein expended; and for such other and further relief as this Court may deem just and proper.

### COUNT III – DEFENDANT MONTGOMERY COUNTY – WILLFUL FAILURE TO SUPERVISE AMOUNTING TO A DELIBERATE INDIFFERENCE TO JANE DOE'S CONSTITUTIONAL RIGHTS

78.     Plaintiff fully and completely incorporates paragraphs 1-77 in Count III of this Petition and brings this claim under 42 U.S.C. §1983.

79.     That upon information and belief, Defendant Montgomery County maintains insurance for wrongful actions committed by its employees; therefore, sovereign immunity is waived pursuant to Mo. Rev. Stat. §537.610.

80.     That at times relevant to the counts herein, Defendant Montgomery County was the supervisor of Defendant McGowan in his work as a Montgomery County deputy sheriff.

81.     That at times relevant to the counts herein, Defendant McGowan was acting in his capacity as a Montgomery County Deputy Sheriff and using his employment as a Deputy Sheriff to engaged in actions to discriminate, harass, and further his illegitimate intentions regarding Jane Doe; Defendant McGowan was therefore acting in the scope and course of his employment with the Montgomery County Sheriff's Department.

82.     That upon information and belief, Defendant Montgomery County knew or should have known that Defendant McGowan was violating department policies designed to protect citizens like Jane Doe.

83.     That upon information and belief, Defendant McGowan, throughout his employment as a deputy sheriff and under Defendant Montgomery County's supervision, had regularly and persistently pursued inappropriate contact and relationships with women whom he met through his duties as a law enforcement officer, in violation of department policies

84.     That Defendant Montgomery County's willfully reckless and careless failure to supervise Defendant McGowan's compliance with department policies amounted to a deliberate indifference to Jane Doe's constitutional rights.

85.     That as a direct and proximate result of Defendant Montgomery County's willfully reckless and careless failure to supervise, Defendant McGowan was able to use his employment to coerce Jane Doe into forceful and nonconsensual sexual intercourse with him, in violation of her rights under the Fourth and Fourteenth Amendments to the U.S. Constitution.

86.     That as a direct and proximate result of Defendant Montgomery County's willfully reckless and careless failure to supervise, Jane Doe suffered physical and emotional damages, said injuries consisted of, but not limited to:   She was suicidal and suffered mental and emotional damages after her interactions with Defendant McGowan; she suffered and continues to suffer from severe and prolonged mental anguish; she suffered and will continue to suffer from intense anxiety; she endured a loss of personal freedom; and she suffered and continues to suffer humiliation, indignity, disgrace, stress, fear, anxiety and was forced to require hospitalization for physical and mental injuries due to the Montgomery County's actions.

WHEREFORE, pursuant to 42 U.S.C. §1983, Jane Doe, by and through her legal guardian, Plaintiff D.P., prays for Judgment against Defendant Montgomery County in an amount to be determined by the Court, together with special damages for her mental and physical injuries, and costs herein expended, for such other and further relief as this Court may deem just and proper.

## COUNT IV – DEFENDANT MONTGOMERY COUNTY – NEGLIGENT SUPERVISION

87.     Plaintiff fully and completely incorporates paragraphs 1-86 in Count IV of this Petition.

15

88.     That at times relevant to the counts herein, Defendant Montgomery County was the employer and supervisor of Defendant McGowan in his work as a Montgomery County deputy sheriff.

89.     That at times relevant to the counts herein, Defendant McGowan was acting in his capacity as a Montgomery County deputy sheriff and using his employment as a deputy sheriff to further his illegitimate intentions regarding Jane Doe; Brian J.  McGowan was therefore acting in the scope and course of his employment with Montgomery County.

90.     That the Defendant Montgomery County maintained a number of policies designed to protect citizens like Plaintiff, which governed deputy sheriffs' interactions with citizens, suspects and criminal elements.

91.     That upon information and belief, Defendant Montgomery County knew or should have known that Defendant McGowan was violating department policies designed to protect citizens like Jane Doe.

92.     That upon information and belief, Montgomery County Deputy Sheriff Brian J. McGowan, throughout his employment with Defendant Montgomery County, had regularly and persistently pursued inappropriate contact and relationships with women whom he met through his duties as a law enforcement officer, in violation of department policies.

93.     That Defendant Montgomery County was reckless and careless by failing to supervise Defendant McGowan's compliance with department policies.

94.     That as a direct and proximate result of Defendant Montgomery County's recklessness and carelessness, Defendant McGowan was able to use his employment to coerce Jane Doe into forceful and nonconsensual sexual intercourse with him.

95.     That as a direct and proximate result of Defendant Montgomery County's negligent supervision, Jane Doe suffered physical and emotional damages, said injuries consisted of, but not limited to:   She was suicidal and suffered mental and emotional damages after her interactions with Defendant McGowan; she suffered and continues to suffer from severe and prolonged mental anguish; she suffered and will continue to suffer from intense anxiety; she endured a loss of personal freedom; and she suffered and continues to suffer humiliation, indignity, disgrace, stress, fear, anxiety, and was forced to require hospitalizations for physical and mental injuries due to over Montgomery County's actions.

WHEREFORE, Jane Doe, by and through her legal guardian, Plaintiff D.P., prays for Judgment against Defendant Montgomery County in an amount to be determined by the Court, together with special damages for her mental and physical injuries, and costs herein expended; and for such other and further relief as this Court may deem just and proper.

## COUNT V – DEFENDANT BRIAN MCGOWAN – VIOLATIONS OF PLAINTIFF'S RIGHTS GUARANTEED BY THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

96.     Plaintiff fully and completely incorporates paragraphs 1-95 in Count V of this Petition and brings this claim under 42 U.S.C. §1983.

97.     That Plaintiff has a constitutional right to bodily integrity to keep her body free from harmful force or intrusion, and Plaintiff has a right to remain free from wrongful seizure.

98.     That Defendant McGowen is a natural person and is being sued in his individual capacity.

99.     That from the time of first contact with Jane Doe as a Montgomery County Deputy Sheriff on February 28, 2015 to March of 2018, Defendant McGowan failed to adequately accommodate Jane Doe and used the apparent and inherent authority as a deputy in a sheriff's

office to discriminate against Jane Doe.  Defendant McGowan coerced Jane Doe into having nonconsensual sexual intercourse and molested her on multiple occasions, thereby directly discriminating against her.

100.    That after February 28, 2015, Defendant McGowan approached Jane Doe numerous times in while on duty and wearing his Montgomery County Sheriff's uniform, carrying a service issued police firearm, and made sexual advances towards her, including trying to kiss her and touch her breasts.  Defendant McGowan told Jane Doe to have sex with him on multiple occasions.

101.    That Defendant McGowan came to Jane Doe's house while on duty for the Montgomery County Sheriff's Department on numerous occasions in 2015, 2016, and 2017 after Plaintiff would call the Montgomery County Sheriff's Office for help with Jane Doe.

102.    That after February 28, 2015, during the investigation into Marty Rainey's actions, Plaintiff called the Montgomery County Sheriff's Office because Jane Doe was threatening to kill herself.  Defendant McGowan was one of the Montgomery County Deputies that came to Jane Doe's house that night.  When Defendant McGowan arrived at Jane Doe's house to respond, he advised her family that he was aware of her disability and informed Plaintiff that he was "aware of the Marty Rainey situation." in which Jane Doe was sexually assaulted by Defendant McGowan's one-time co-worker.

103.    Defendant McGowan was aware that Jane Doe was a mentally disabled girl under guardianship who had been repeatedly manipulated, discriminated against, sexually assaulted, drugged, photographed and filmed naked, and directed to have sex with other individuals by Defendant McGowan's former law enforcement co-worker, Mary Rainey.

18

104.    Defendant McGowan pressured Jane Doe to conduct a "threesome" with him and another girl identified as "JP."  Defendant put pressure on Jane Doe to communicate with "JP" in order to make the "threesome" happen.   "JP" was not willing to participate.

105.    In 2017 and 2018, Defendant McGowan directed Jane Doe to meet up with him where he could sexually molest her in the town of McKittrick, MO in Montgomery County.  He would make it clear that she was never to tell anyone about it.  She was to delete all communications.

106.    That on or about March 12, 2018 Defendant McGowan told Jane Doe that he wanted to have sex with her.

107.    That sometime between March 13, 2018 and March 19, 2018, Defendant McGowan offered to pay Jane Doe one-hundred dollars ($100.00) to have sex with him.

108.    That approximately one week later, Defendant McGowan told Jane Doe to sneak out of her home and meet him at the Katy Trial at 2:30 a.m. to have sex with him.  Defendant McGowan sexually assaulted her.

109.    That Defendant McGowan acted under the color of state law by utilizing his actual and apparent authority as a law enforcement officer to coerce Jane Doe into acting against her will.

110.    That Jane Doe's right to be free from unreasonable seizure, guaranteed by the Fourth Amendment to the United States Constitution, was willfully violated when Jane Doe's liberty to move freely was completely diminished by Defendant McGowan's physical force and show of authority; she did not reasonably feel free to leave and subsequently acquiesced to Defendant McGowan's show of authority; and her freedom of movement was intentionally terminated; therefore, Jane Doe was unreasonably seized under the Fourth Amendment

111.    That Jane Doe's constitutionally protected right to bodily integrity, guaranteed by the Fourteenth Amendment to the United States Constitution, was willfully violated when Defendant McGowan used nonconsensual physical force to engage in unwanted sexual intercourse with her.

112.    That as a direct and proximate result of Defendant McGowan's forceful, nonconsensual and unconstitutional actions, Jane Doe suffered physical and emotional damages, said injuries consisted of, but not limited to:   She was suicidal and suffered mental and emotional damages after her interactions with Defendant McGowan; she suffered and continues to suffer from severe and prolonged mental anguish; she suffered and will continue to suffer from intense anxiety; she endured a loss of personal freedom; and she suffered and continues to suffer humiliation, indignity, disgrace, stress, fear, anxiety, and was forced to require hospitalization for mental injuries due to the Defendant McGowan's actions.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Jane Doe, by and through her legal guardian, Plaintiff D.P., prays for Judgment against Defendant McGowan in an amount to be determined by the Court, together with special damages for her mental and physical injuries, and costs herein expended, for such other and further relief as this Court may deem just and proper.

## COUNT VI – DEFENDANT BRIAN MCGOWAN – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

113.    Plaintiff fully and completely incorporates paragraphs 1-112 in Count VI of this Petition.

114.    That in approximately February of 2015, Defendant McGowan, while performing his duties as a Montgomery County Deputy Sheriff, came into contact with Jane Doe and obtained her address and Facebook Messenger contact information.

20

115.     That in approximately February of 2015, Defendant McGowan was aware that Jane Doe was mentally disabled.

116.     That after that contact with Jane Doe, Defendant McGowan began to repeatedly send messages to Jane Doe on Facebook Messenger.

117.     That between February of 2015 and March of 2018, Defendant McGowan sent hundreds of communications to Jane Doe on Facebook Messenger and via text messages, many of which were sexually explicit in nature.  Defendant McGowan often directed Jane Doe to send him pictures of her naked breasts.

118.     Defendant McGowan wanted these sexual communications with Jane Doe hidden from Plaintiff and Jane Does family.  At Defendant McGowan's direct, Jane Doe was directed to hide, delete, and lie to Plaintiff about all of their communications.  He repeatedly reminded her that he was in law enforcement and she should comply.

119.     Defendant McGowan would comment to Jane Doe about how he kept the naked pictures of Jane Doe on his laptop computer and would often look at them.

120.     That often Jane Doe did not want to have contact with Defendant McGowan, but she was scared because of what happened to her with Deputy Sheriff/Police Officer Marty Rainey, and Defendant McGowan was a law enforcement officer as well.

121.     That after February 28, 2015, Defendant McGowan approached Jane Doe numerous times in while on duty and wearing his Montgomery County Sheriff's uniform, carrying a service issued police firearm, and made sexual advances towards her, including trying to kiss her and touch her breasts.  Defendant McGowan told Jane Doe to have sex with him on multiple occasions.

122.     That on or about March 12, 2018 Defendant McGowan told Jane Doe that he wanted to have sex with her.

123.    That sometime between March 13, 2018 and March 19, 2018, Defendant McGowan offered to pay Jane Doe one-hundred dollars ($100.00) to have sex with him.

124.    That approximately one week later, Defendant McGowan told Jane Doe to sneak out of her home and meet him at the Katy Trial at 2:30 a.m. to have sex with him.  Defendant McGowan sexually assaulted her.

125.    That as a direct and proximate result of Defendant McGowan's intentional and outrageous acts, Jane Doe suffered emotional damages, said injuries consisted of, but not limited to:   She was suicidal and suffered mental and emotional damages after her interactions with Defendant McGowan; she suffered and continues to suffer from severe and prolonged mental anguish; she suffered and will continue to suffer from intense anxiety; ; and she suffered and continues to suffer humiliation, indignity, disgrace, stress, fear, anxiety, and was forced to require hospitalization for mental injuries due to the Defendant McGowan's actions.

WHEREFORE, Jane Doe, by and through her legal guardian, Plaintiff D.P., prays for Judgment against Defendant McGowan in an amount to be determined by the Court, together with special damages for her mental injuries and psychological counseling, and costs herein expended, for such other and further relief as this Court may deem just and proper.

Respectfully submitted,

GOFFSTEIN LAW, LLC

/s/ Adam M. Goffstein
Adam M. Goffstein, #45611MO
7777 Bonhomme, Suite 1910
St. Louis, Missouri 63105
Phone:  (314) 725-5151
Fax:  (314) 403-7660
adam@goffsteinlaw.com

'

22

ORLOWSKY LAW, LLC

/s/ Daniel J. Orlowsky
Daniel J. Orlowsky, #57387MO
7777 Bonhomme, Suite 1910
St. Louis, Missouri 63105
Phone:  (314) 725-5151
Fax:  (314) 725-5161
dan@orlowskylaw.com

Attorneys for Plaintiff